60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Murl SPRADLIN, Defendant-Appellant.
 No. 94-5558.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 17, 1995.
Decided: July 14, 1995.
 
 John H. Hare, Assistant Federal Public Defender, Columbia, SC, for appellant. J. Preston Strom, Jr., U.S. Atty., James M. Griffin, Asst. U.S. Atty., Columbia, SC, for appellee.
 Before WIDENER, WILKINSON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Murl Spradlin entered a guilty plea to structuring cash transactions to evade reporting requirements, in violation of 31 U.S.C.A. Secs. 5322(b), 5324(a)(1) (West Supp.1994), and was sentenced to imprisonment of twelve months and one day. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Spradlin did not file a supplemental brief, although he was informed of his right to do so.
 
 
 2
 The arguments raised by counsel are without merit. Counsel asserts that Spradlin's guilty plea was not knowingly entered because the district court did not advise Spradlin that his statements made at the Fed.R.Crim.P. 11 proceedings might later be used against him in a prosecution for perjury. The record reflects that Spradlin was not questioned in the manner contemplated by Rule 11(c)(5), so the court was not obligated to inform him of the penalty for perjury.
 
 
 3
 Counsel also contends that Spradlin's guilty plea was unknowingly entered because the district court allegedly did not advise Spradlin that he could not withdraw his plea if the court did not follow the Government's recommendation that Spradlin be sentenced at the lower end of the guideline range. As Spradlin was, in fact, sentenced at the lowest end of the range, any omission by the district court was harmless error.
 
 
 4
 Finally, counsel argues that the district court erroneously increased Spradlin's offense level by two levels because Spradlin knew that the funds involved were the fruits of unlawful activity. See United States Sentencing Commission, Guidelines Manual, Sec. 2S1.3(b)(1) (Nov.1993). Spradlin himself told investigating officers that he thought the money was "drug money." Further, he told his girlfriend that the money came from illegal gambling. Under these circumstances, the district court's finding on this point was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 5
 As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for this appeal. Because the record discloses no reversible error, we affirm Spradlin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 7
 AFFIRMED.